**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey R. McBride; Lisa I. McBride, | CV 11-02592-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Wells Fargo Bank NA; Deutsche Bank National Trust Co. as trustee for HSI Asset Securitization Corp. Trust 2007-WF1; John Does 1-10, ABC Corporations 1-10, and XYZ LLCs 1-10, | |
| Defendants. | |

The court has before it defendants Wells Fargo and Deutsche Bank's ("defendants") motion to dismiss (doc. 6), plaintiffs' response (doc. 9), and defendants' reply (doc. 10).

**I**

In February 2007, plaintiffs refinanced their home by accepting a loan of $965,000 from Wells Fargo. This loan was secured by a Deed of Trust ("DOT"). Wells Fargo was listed as the lender and First American Title Insurance Company was listed as the trustee. The DOT stated that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Compl., ex. A at ¶ 20. In addition, the DOT provided that the lender may "remove [t]rustee and appoint a successor trustee." Id. at ¶ 24.

Plaintiffs contacted Wells Fargo in the summer of 2009 to discuss loan modification

1 options. Wells Fargo told plaintiffs that it would not consider a loan modification until
2 plaintiffs missed at least three mortgage payments. Plaintiffs began to miss mortgage
3 payments and commenced discussions with Wells Fargo concerning a loan modification.

4 On December 17, 2010, a substitution of trustee was recorded naming Michael A.
5 Bosco, Jr. of Tiffany & Bosco P.A. as trustee for plaintiffs' DOT. Plaintiffs received
6 notification from Tiffany & Bosco on December 22, 2010 that a notice of trustee's sale had
7 been filed by defendant Deutsche Bank, trustee for HSI Asset Securitization Corporation
8 Trust 2007-WF1 ("HSI") and beneficiary of plaintiffs' Note. Plaintiffs contacted Wells Fargo
9 and were told that they were being considered for a loan modification. Over the next ten
10 months, plaintiffs were told by various Wells Fargo employees to send additional documents
11 in support of their loan modification request. Plaintiffs learned from speaking with a Wells
12 Fargo employee on October 19, 2011 that their home had been sold at auction and had
13 reverted back to the bank.

14 Plaintiffs originally filed this action in the Superior Court of Arizona in Maricopa
15 County on November 16, 2011, asserting six counts for relief: (1) violations of the Arizona
16 Consumer Fraud Act, (2) quiet title, (3) damages pursuant to A.R.S. § 33-420, (4) breach of
17 contract, (5) fraud, and (6) demand for accounting. Defendants timely removed to this court,
18 and move to dismiss all six counts pursuant to Rule 12(b)(6), Fed. R. Civ. P.

19 **II**

20 We initially note that this action was filed after the trustee's sale was held. Under
21 A.R.S. § 33-811(C),

22 > [t]he trustor . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting
23 > relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day
24 > before the scheduled date of the sale.

25 Plaintiffs did not seek injunctive relief prior to the trustee's sale. Accordingly, they have
26 waived any objections or defenses to the sale.

27 The first claim asserted by plaintiffs alleges violations of the Arizona Consumer Fraud
28 Act pursuant to A.R.S. § 44-1522. To prevail on their consumer fraud claim, plaintiffs "must

- 2 -

1  show a false promise or misrepresentation made in connection with the sale or advertisement
2  of merchandise and consequent and proximate injury resulting from the promise." Kuehn
3  v. Stanley, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ct. App. 2004). These elements must be
4  pled with particularity. Fed. R. Civ. P. 9(b). Defendants argue that the claim should be
5  dismissed because it is not pled with particularity and does not identify which statements
6  were false. Plaintiffs argue that their allegations that Wells Fargo employees "volleyed the
7  Plaintiffs [sic] file from desk to desk during the period of February of 2011 to June of 2011"
8  are sufficiently specific. Response at 4. The corresponding portions of the complaint
9  referenced by plaintiffs, however, do not allege any false promises or representations. And
10 although plaintiffs argue that defendants promised to consider modifying their loan in good
11 faith, plaintiffs have not pled any particulars about who made the promise, when it was made,
12 and how they relied on this statement to their detriment. Finally, plaintiffs do not allege that
13 any promises or statements were made by Deutsche. The complaint fails to state a claim for
14 violations of A.R.S. § 44-1522.

15     Plaintiffs' second claim is for quiet title. Defendants argue that this claim fails
16 because plaintiffs have not alleged that they paid off their loan or tendered the amount due.
17 We agree. Quiet title is not an available remedy to a homeowner unless he has paid off the
18 loan or shown that he is ready and able to do so. Farrell v. West, 57 Ariz. 490, 491, 114 P.2d
19 910, 911 (1941); see also Reader v. BAC Home Loan Servicing LP, CV-11-02461-PHX-
20 FJM, 2012 WL 125977, at *4 (D. Ariz. Jan. 17, 2012) (same).

21     Plaintiffs' third claim is for damages in violation of A.R.S. § 33-420. They allege in
22 their complaint that defendants have caused an invalid DOT to remain recorded. In their
23 response, they argue that defendants violated A.R.S. § 33-420 by failing "to properly assign
24 the rights of the successor in interest." Response at 5. Under either theory, the claim fails.
25 To the extent that plaintiffs are arguing that the recording of the DOT in 2007 was invalid,
26 this claim is time-barred. This is because a claim under A.R.S. § 33-420 has a one-year
27 statute of limitations and accrues at the time the document is recorded. See State v. Mabery
28 Ranch, Co., LLC, 216 Ariz. 233, 248-49, 165 P.3d 211, 226-27 (Ct. App. 2007). And

1  contrary to plaintiffs' allegations, Wells Fargo recorded an assignment of the DOT to
2  Deutsche Bank as trustee for HSI on March 16, 2011. Mot. to Dismiss, ex. 1.[1] Plaintiffs, as
3  third-party borrowers, are neither involved with nor affected by an assignment, and therefore
4  lack standing to challenge an assignment's validity. See In re Mortg. Elec. Registration Sys.
5  (MERS) Litig., MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3,
6  2011). In addition, A.R.S. § 33-420 applies to "some sort of document purporting to create
7  an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust
8  itself," but there is "no authority applying this statute to assignments of mortgages and
9  notices of trustee's sales." Schayes v. Orion Fin. Grp., Inc., CV-10-02658-PHX-NVW, 2011
10 WL 3156303, at *6 (D. Ariz. July 27, 2011). For all of these reasons, plaintiffs fail to state
11 a claim for damages.

12     Plaintiffs' fourth claim is for breach of contract. They argue that Michael Bosco was
13 improperly substituted as trustee, and as a result the trustee's sale was invalid. "To prevail
14 on a claim for breach of contract, the plaintiff must prove the existence of a contract between
15 the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage
16 to the plaintiff." Frank Lloyd Wright Found. v. Kroeter, 697 F. Supp. 2d 1118, 1125 (D.
17 Ariz. 2010). Plaintiffs have not alleged the existence of a contract, identified a breach, or
18 pled damages.

19     In their fifth claim, plaintiffs allege that defendants committed the crime of residential
20 mortgage fraud pursuant to A.R.S. § 13-2320 by recording an inaccurate substitution of
21 trustee and notice of trustee's sale, and by Wells Fargo's "repeated misstatements and
22 misrepresentations" throughout the loan modification process. Compl. at 12. Plaintiffs
23 clarify in their response that this is really a claim for common law fraud. To prevail,
24 plaintiffs must show

25  > (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's
    > knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that

---

[1] We may take judicial notice of publicly recorded documents on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

- 4 -

> it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982). Defendants argue that plaintiffs have failed to allege, among other things, which statements were false and that plaintiffs relied on these statements and were damaged as a result. With respect to plaintiffs' claims that defendants recorded inaccurate documents, plaintiffs have not pled how they relied on these documents and were injured.

With respect to the claims regarding Wells Fargo's misstatements, plaintiffs argue that they were "told on multiple occasions that their file had been 'submitted to underwriting' for review, then later that it had never been submitted or reviewed by any bank personnel," Compl. at 4-5, which sufficiently alleges the falsity of the representations made to them. In addition, plaintiffs argue that the delay in the loan modification process was significantly greater than promised. But even if Wells Fargo misrepresented to plaintiffs that their loan modification file had been submitted for review and misrepresented how long the process would take, plaintiffs have not pled that they detrimentally relied on these statements or were harmed by them. Plaintiffs also argue that they have adequately pled reliance on Wells Fargo's statements because they began to miss mortgage payments after Wells Fargo told them that they would not be considered for any mortgage assistance until they were at least three payments behind. Plaintiffs did not plead that this statement was false. Indeed, it proved to be true, as Wells Fargo started the loan modification process once plaintiffs were in default. See Barone v. Chase Home Finance LLC, CV-11-08016-PCT-FJM, 2011 WL 3665424, at *2 (D. Ariz. Aug. 22, 2011). In sum, plaintiffs have not stated a plausible claim for common law fraud.

Plaintiffs' sixth and final claim is a demand for an accounting from defendants and the true note holder. This claim fails because there is "no statutory requirement that the trustor be supplied with a complete accounting." Kelly v. NationsBanc Mortg. Corp., 199 Ariz. 284, 286-87, 17 P.3d 790, 792-93 (Ct. App. 2000).

### III

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 6). The Clerk shall enter judgment.

DATED this 29th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge